RAWLS, Acting Chief Judge.
The salient point posed by this appeal is: Did the trial judge abuse his discretion when he entered an order dismissing the cause for failure to diligently prosecute same. A subsidiary point is that the trial judge erred by not granting plaintiffs-appellants’ motion to reinstate the cause.
Complaint was filed by plaintiffs (hereafter referred to as appellants) on March 10, 1971. After surviving a barrage of motions filed by defendants (hereafter referred to as appellees), appellants’ second amended complaint was sustained by the trial judge on March 10, 1972. Various and sundry pleadings, including interrogatories propounded by appellees, answers and amended answers of appellees, and motions to strike by appellants, progressed this cause until September 9, 1972. An unexplained lull ensued until January 9, 1973, whereupon the trial judge entered a “Notice of Proposed Dismissal” which advised the attorneys for the parties that “[ujnless affirmative action be taken within ten (10) days from the date hereof . ”, the case would be dismissed. Appellants responded on January 19, 1973, by filing a “Motion to Set for Trial”, which motion was never called up for hearing. Within a short time thereafter, *540 appellees Cury and Felhandler filed motions to fcompel appellants to answer interrogatories. On February 6, 1973, appellee Miller filed a motion to compel discovery and invoke sanctions against appellants, together with notice of hearing on same for February 8, 1973. The motion also objected to appellants’ “Motion to Set for Trial” because: “This cause is not at issue because plaintiffs [appellants], on July 26, 1972, served a motion to strike certain portions of the amendment to the answer of defendant [appellee], Miller. There has been no disposition of that motion.” The record is silent as to any hearing being held. On February 9, 1973, appellee Miller served supplemental interrogatories on appellants and filed a copy of same.
The record is silent as to any action being taken in the cause from February 9, 1973, until September 27, 1973, at which time the trial judge noticed all parties that “[ujnless affirmative action be taken within ten (10) days from the date hereof (as to which action you should inform me), it will be considered that you do not intend to proceed with the case and it will be dismissed by entry of the Order set forth below.” The trial judge on the 17th day of October, 1973 (20 days later) after finding that “more than ten (10) days having elapsed and no action having been taken, . . . ”, dismissed the cause.
Subsequent to entry of the order of dismissal, appellants sought to reinstate the cause, which efforts were ultimately denied by the trial judge. Appellants are guaranteed the right to a remedy by due process of law for any injury done them. However, appellees possess the right to have litigation against them speedily determined in an orderly manner.
After fully reviewing the record in this cause and the extensive briefs of the parties, we conclude that appellants have failed to demonstrate an abuse of discretion on the part of the trial judge in dismissing the cause for failure of the appellants to diligently prosecute.
Affirmed.
MILLS and McCORD, JJ., concur.